IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                                          13-CR-6102

ROBERT J. PALERMO,

        Defendant.

---

## PLEA AGREEMENT

The defendant, ROBERT J. PALERMO, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 1512(k) (conspiracy to murder a witness to prevent attendance at or testimony in an official proceeding), for which the maximum possible sentence is a term of imprisonment of 30 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 5 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years, without credit for

time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3.  The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

First, that an agreement existed between two or more persons to commit a violation of Title 18, United States Code, Section 1512(a)(1)(A) (kill another person with intent to prevent the person's attendance at or testimony in an official proceeding);

Second, that the defendant knew of the existence of the agreement; and

Third, that the defendant intended to participate in the unlawful agreement.

## FACTUAL BASIS

4.  The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On April 5, 2013, the defendant, ROBERT J. PALERMO, was arrested pursuant to Criminal Complaint No. 13-MJ-4041 charging the defendant and Daniel Tanck with sex trafficking of children by force, fraud or coercion in violation of Title 18, United States Code, Section 1591. On July 9, 2013, a federal grand jury sitting in the Western District of New York returned a two-count Indictment (Case No. 13-CR-6102G) charging the defendant, ROBERT J. PALERMO, and Tanck with violations of Title 18, United States Code, Sections 1594(c) [conspiracy to commit sex trafficking], and 1591(a)(1) and 1591(b)(2) [sex trafficking of a minor].

2

    The charges in the Indictment are currently pending in United States District Court for the Western District of New York, and allege acts against a person identified as Victim 1, who is under the age of 18 years. Since his arrest on April 5, 2013, and continuing through on or about October 31, 2013, the defendant, ROBERT J. PALERMO, was detained at the Monroe County Jail.

b. Between on or about April 5, 2013, and on or about October 31, 2013, in the Western District of New York, the defendant, ROBERT J. PALERMO, did knowingly, willfully and unlawfully conspire and agree with others, known and unknown, to murder a witness, namely, Victim 1, with intent to prevent Victim 1's attendance at and testimony in an official proceeding, namely, the federal sex trafficking prosecution specified above in subparagraph (a).

c. Between on or about April 5, 2013, and on or about October 31, 2013, in furtherance of the conspiracy, the defendant told multiple inmates at the Monroe County Jail about his desire and intention to kill Victim 1. At the defendant's request, one inmate agreed to get a hitman to kill the witness. The defendant agreed to travel to New York City after the murder to "work off" the debt to the inmate. The defendant provided the inmate with the name, and physical description of Victim 1, as well as Victim 1's address and specific directions to Victim 1's residence, for the purpose of having the third party hitman kill Victim 1. The defendant also spoke with the inmate and the defendant's mother to coordinate the receipt of information from the defendant's mother to the third party hitman. The defendant sent a letter to his mother advising her of the plan and told her to expect a call from the third party.

d. The defendant, ROBERT J. PALERMO, engaged in numerous conversations with the inmate and made numerous telephone calls to his mother for purpose of arranging the killing of Victim 1 in order to prevent Victim 1 from testifying against the defendant at a trial on his federal sex trafficking charges specified above in subparagraph (a).

### III. SENTENCING GUIDELINES

5.     The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.  The government and the defendant agree that Guidelines § 2A1.5(a) applies to the offense of conviction and provides for a base offense level of 33.

## ACCEPTANCE OF RESPONSIBILITY

7.  At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 30.

## CRIMINAL HISTORY CATEGORY

8.  It is the understanding of the government and the defendant that the defendant's criminal history category is IV. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

9.  It is the understanding of the government and the defendant that, with a total offense level of 30 and criminal history category of IV, the defendant's sentencing range would be a term of imprisonment of **135 to 168 months,** a fine of **$15,000 to $150,000,**

period of supervised release of **2 to 5 years**. Notwithstanding this, the defendant understands that, at sentencing, the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

10. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a **135-month** term of imprisonment, as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a fine or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

11. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

12. The defendant understands that, except as set forth in ¶ 10, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

13. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to conspiracy to kill a witness, conspiracy to commit sex trafficking, and sex trafficking of a minor, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

14. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.  advocate for a specific sentence consistent with the terms of this agreement, including the amount of a fine and/or the method of payment; and

d.  modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

15.  At sentencing, the government will move to dismiss Criminal Complaint No. 14-MJ-4136, and the open counts of Indictment No. 13-CR-6102 as against the defendant.

16.  The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.  **APPEAL RIGHTS**

17.  The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

18.     The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

19.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   ABANDONMENT

20.     The defendant agrees to voluntarily abandon the items listed below, and waives any and all rights or interest which the defendant may still possess in said property or for which the defendant may have any claim.  The defendant specifically agrees to the voluntarily abandonment of the following property:

1. Kyocera cellular telephone, Model # C5170, HEX # A0000027AB1463;and
2. ASUS Eee notebook computer, Model 1005HAB, Serial # 990AAS263860.

21.     The defendant agrees to waive any time restrictions, requirement, or any other applicable federal law, with respect to the abandonment of this property. The defendant further waives the provisions of 41 Code of Federal Regulations 128-48.102-1 and 41 Code of

Federal Regulations 128-48.50 with respect to the abandonment of the aforementioned property and agrees to sign any and all documentation in order to assist the government in facilitating the abandonment of the said property.

22. The defendant further understands that the United States and any law enforcement agency acting on behalf of the United States, to wit: the Federal Bureau of Investigation, may in its discretion, destroy any and/or all of the property listed above.

### VIII.  TOTAL AGREEMENT AND AFFIRMATIONS

23. This plea agreement represents the total agreement between the defendant, ROBERT J. PALERMO, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL JR.
United States Attorney
Western District of New York

BY: _____
ROBERT A. MARANGOLA
Assistant U.S. Attorney

Dated: February 7, 2015

## ACKNOWLEDGMENT

I, ROBERT J. PALERMO, have read this agreement, which consists of 10 pages. I have had a full opportunity to discuss this agreement with my attorney, Paul J. Vacca, Jr., Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____  
ROBERT J. PALERMO  
Defendant

Dated: February 9, 2015

_____  
PAUL J. VACCA, JR., ESQ.  
Attorney for the Defendant

Dated: February 9, 2015