IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.

13-CR-6102-FPG

DANIEL TANCK,

Defendant.

_____

### PLEA AGREEMENT

The defendant, DANIEL TANCK, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to plead guilty to Count 2 of the Indictment which charges a violation of Title 18, United States Code, Section 1591(a) (sex trafficking of a minor), for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of imprisonment of life, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.



2.      The defendant acknowledges that pursuant to Title 18, United States Code, Section 1593, the Court must order restitution for the full amount of the victim or victims' compensable losses as determined by the Court. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

3.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life.

4.      The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions:  where the defendant resides; where the defendant is employed;  and where the defendant is a student.     The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after,

any change of the defendant's name, residence, employment, or student status.  The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II.  ELEMENTS AND FACTUAL BASIS

5.   The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.   The defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintain by any means a person;

b.   The defendant knew or was in reckless disregard of the fact that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act; and

c.   The offense was in or affecting interstate commerce.

## FACTUAL BASIS

6.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.   In or about March 2013, in the Western District of New York, the defendant, DANIEL TANCK, did knowingly recruit,

3

entice, harbor, transport, provide and obtain a person, knowing and in reckless disregard of the fact that the person had not attained the age of 18 years, and would be caused to engage in a commercial sex act.    Both TANCK and PALERMO knowingly agreed and conspired with one another and others in assisting in posting Backpage.com advertisements for a female minor under the age of 18 years who would be caused to engage in prostitution activities.  The advertisement was paid for using a prepaid credit card obtained by PALERMO.  The ad was produced using a smartphone.  Both TANCK and PALERMO participated in taking pictures of the minor for the advertisement.    TANCK further provided transportation services to the minor for outcalls and PALERMO provided use of his room in the apartment on Emerson Street, Rochester, New York, for in-calls.  PALERMO further provided a contact telephone number for purposes of arranging "dates" with the minor.    Backpage.com is an Internet classified advertising service that engages in commercial ventures in and outside of the State of New York and in and outside of the United States.

b.    The above facts are set forth for the limited purpose of complying with Rule 11(b)(3) and are not intended to serve as a complete statement of the defendant's criminal conduct.

## III.    SENTENCING GUIDELINES

7.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

8.    The government and the defendant agree that Guidelines § 2G1.3(a)(2) applies to the offense of conviction and provides for a base offense level of 30.

4

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

9.     The government and the defendant agree that the following specific offense

characteristics do apply:

   a.     the two level increase pursuant to Guidelines § 2G1.3(b)(4)(A) (offense
          involved commercial sex act).

10.     The government maintains that the following specific offense characteristic

does apply:

   a.     the two level increase pursuant to Guidelines § 2G1.3(b)(3)(B) (use of
          computer to solicit).

The defendant specifically reserves the right at the time of sentencing to argue to the Court

that this increase does not apply.

## ADJUSTED OFFENSE LEVEL

11.     Based on the foregoing, if § 2G1.3(b)(3)(B) applies,  it is the understanding of

the government and the defendant that the adjusted offense level for the offense of

conviction is 34.

## ACCEPTANCE OF RESPONSIBILITY

12.     At sentencing, the government agrees not to oppose the recommendation that

the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a)

5

(acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which, if § 2G1.3(b)(3)(B) applies, would result in a total offense level of 31.

## CRIMINAL HISTORY CATEGORY

13. It is the understanding of the government and the defendant that the defendant's criminal history category is IV. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

14. (a) It is the understanding of the government and the defendant that, if the Court determines that Guidelines § 2G1.3(b)(3)(B) does apply, with a total offense level of 31 and criminal history category of IV, the defendant's sentencing range would be a term of imprisonment of 151 to 188 months, a fine of $15,000 to $150,000 and a period of supervised release of 5 years to life.

(b) It is the understanding of the government and the defendant that, if the Court determines that Guidelines § 2G1.3(b)(3)(B) does not apply, with a total offense level of 29 and criminal history category of IV, the defendant's sentencing range would be a term

6

of imprisonment of 121 to 151 months, a fine of $15,000 to $150,000 and a period of supervised release of 5 years to life.

(c) Notwithstanding the above, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

15.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

16.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

7

## IV.    STATUTE OF LIMITATIONS

17.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the sex trafficking of minors which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.    GOVERNMENT RIGHTS AND RESERVATIONS

18.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history

8

> category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

19. At sentencing, the government will move to dismiss the open count of the Indictment in this action as against the defendant.

20. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

21. As a condition of this plea agreement, the defendant agrees to accept a plea offer from the Monroe County District Attorney's Office to resolve a pending case charging him with rape in the third degree. A breach of this condition by the defendant will be considered a breach of the cooperation provisions of this agreement.

## VI. APPEAL RIGHTS

22. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14(a), above, notwithstanding the manner in which the Court determines the sentence. In the event of an

9

appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

23.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14(b), above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.    COOPERATION

25.    The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to sex trafficking of minors.    The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and

10

completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

26.     The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement.  The defendant's obligation to testify truthfully and completely shall extend to proceedings in local, state and federal courts in jurisdictions which have agreed to abide by this agreement.

27.     In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to the sex trafficking of minors, committed up to the date of this agreement and about which the defendant provides complete and truthful information.

28.     Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

29.     Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has

11

provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward from the Guidelines at least 2 levels as provided for in Guidelines § 5K1.1 and/or the imposition of a sentence below a mandatory minimum term of imprisonment pursuant to Title 18, United States Code, Section 3553(e), which, if granted by the Court, would result in a total offense level of 29, if § 2G1.3(b)(3)(B) applies, and a sentencing range of 121 to 151 months imprisonment, and if § 2G1.3(b)(3)(B) does not apply, would result in a total offense level of 27 and a sentencing range of 100 to 125 months imprisonment. The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

30.    The defendant understands that the government retains the discretion to make a motion only as provided for in Guidelines § 5K1.1 or only under Title 18, United States Code, Section 3553(e).

31.    This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government. This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

12

32.     It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes. It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely. Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

33.     In the event the government believes the defendant has violated any of the conditions of the "Cooperation" section of this agreement, the government, in addition to its other rights as set forth in the "Cooperation" section of this agreement, reserves the right: (a) to modify any recommendation the government agreed to make in a motion pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e); and (b) to petition the Court, before or after sentencing, for an order declaring that the defendant has breached the "Cooperation" section and relieving the government of its obligations under this section.

34.     In the event the government petitions the Court to declare that the defendant has breached the "Cooperation" section of this agreement, whether the defendant has violated any of the conditions of the "Cooperation" section shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence. In order to establish any violation by the

13

defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

35.   If the "Cooperation" section of this agreement is declared breached by the Court:

   a.   the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

   b.   the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

   c.   the defendant has no right to withdraw the plea of guilty;

   d.   the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

   e.   the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government.   Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to sex trafficking of minors which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

36.   At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court. The government and the defendant will request that sentencing be adjourned until full satisfaction by the

14

defendant of the terms of this agreement. In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).

37. The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## VIII. FORFEITURE PROVISIONS
## COMPUTERS

38. As a result of his conviction of the foregoing offense alleged in Count 2 of the Indictment, the defendant agrees to criminally forfeit to the United States pursuant to Title 18, United States Code, Section 1594(d)(1), any property, real and personal, that was used or intended to be used to commit or to facilitate the commission of such offense, including but not limited to the following:

a.   One SAMSUNG Galaxy 3S cellphone HEX 99000212292488, which was seized by law enforcement officials based upon the execution of a search warrant.

b.   One E MACHINE computer Model #EL1352G41 with serial number PTNCQ020021020C1A59500, which was seized by law enforcement officials based upon the execution of a search warrant.

15

39.     The defendant also agrees that the property listed above is properly forfeitable to the United States pursuant to Title 18, United States Code, Section 1594(d)(1). The defendant further agrees to fully assist the government in the forfeiture of the aforementioned property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, as deemed necessary by the government.

40.     After the acceptance of this Plea of Guilty, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the government will request a Preliminary Order of Forfeiture covering the items listed in Paragraph 37, above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Order of Forfeiture shall become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the Judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

41.     The defendant agrees to the entry of an Order of Forfeiture for the aforementioned property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

16

42. The defendant agrees that forfeiture of the aforementioned property as set forth in this agreement shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

43. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the previously listed assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

44. The defendant further waives any right to appeal or collaterally attack any matter in connection with the forfeiture of the items listed in Paragraph 37 as provided in this agreement.

## VIX. TOTAL AGREEMENT AND AFFIRMATIONS

45. This plea agreement represents the total agreement between the defendant, **DANIEL TANCK**, and the government. There are no promises made by anyone other

17

than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: TIFFANY H. LEE
Assistant United States Attorney

Dated: March 18, 2014

I have read this agreement, which consists of 18 pages. I have had a full opportunity to discuss this agreement with my attorney, Jeffrey Wicks, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

DANIEL TANCK
Defendant

JEFFREY WICKS, ESQ.
Attorney for the Defendant

Dated: March 18, 2014

Dated: March 18, 2014